UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GEICO MARINE INSURANCE COMPANY

Plaintiff,

v. Civil Action No.: 26-3115

RAFA TRUCKING, LLC

Defendant

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff, GEICO MARINE INSURANCE COMPANY ("GEICO" or "Plaintiff"), sues Defendant, RAFA TRUCKING, LLC ("Rafa Trucking" or Defendant) and respectfully shows the Court as follows:

**INTRODUCTION**

1. GEICO issued Policy No. 9300233050-00 to Rafa Trucking for the period October 31, 2025 through October 31, 2026. During the policy period an individual who purported to be an agent of Rafa Trucking was involved in a motor-vehicle accident in Collier County while operating under Rafa Trucking's DOT number but driving a vehicle not covered by the policy. The trip at issue was exclusively for intra-state commerce, with the accident occurring during a trip from Tampa, Florida to Naples, Florida. Demand has been made upon GEICO for immediate payment of $1,000,000, the stated amount of the combined limit under the GEICO policy at issue. GEICO seeks a declaration of no duty to indemnify Rafa Trucking because the accident involved an auto that is not covered under the policy and that was engaged in intra-state commerce.

**PARTIES**

2. Plaintiff GEICO is a foreign for-profit corporation that is authorized to conduct business in Florida and can be served process through the undersigned counsel.

3. Defendant Rafa Trucking is a Florida limited liability company with its principal address at 2714 22nd St. W, Lehigh Acres, FL 33971. Rafa Trucking can be served process through its registered agent, Ruiz Espinoza, 3204 15th St SW, Lehigh Acres, Lee County, FL 33976.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that complete diversity of citizenship exists between GEICO and the Defendant herein, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this district, as the Defendant's principal place of business is in this district. 28 U.S.C. § 1391(b)(1). Venue is also proper in this district, as a substantial part of the events or omissions giving rise to the claim occurred in this district, in that the motor vehicle collision at issue in this matter occurred in Collier County, Florida. 28 U.S.C. § 1391(b)(2).

## FACTUAL BACKGROUND

### A. The Policy

6. On or about October 31, 2025, GEICO issued Policy No. 9300233050-00 to named insured Rafa Trucking for the period October 31, 2025 through October 31, 2026 (the "Policy").

7. The Policy was issued to named insured Rafa Trucking for the period covering October 31, 2025, through October 31, 2026. The Covered Auto Liability has a limit of $1,000,000 for personal injuries arising from the operation of Covered Autos, and a Form MCS-90 Endorsement in the amount of $750,000.

8. The Policy contains a specific Schedule of Coverages and Covered Autos. Under that Schedule, the only Covered Auto is a 2008 GMC T-Series, VIN 1GDJ7F1B98F411839. The freightliner involved in the accident at issue was never disclosed to GEICO nor added by endorsement.

9. Under the Policy, GEICO will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a "covered auto."

10. The Policy includes an MCS-90 Endorsement, which, where it applies, obligates an insurer to pay "any final judgment recovered against the insured" for negligence in operating vehicles subject to the Motor Carrier Act's financial responsibility requirements, "regardless of whether or not each motor vehicle is specifically described in the policy," subject to GEICO's right to recover from its insured any payment it would not otherwise owe. The MCS-90 imposes no duty to defend. Here, the MCS-90 does not apply on its face because it applies only to for-hire carriage engaged in interstate commerce. Here the Freightliner truck involved in the accident was engaged solely in intrastate travel, at the time of the accident, from Tampa to Naples, Florida.

11. A true and correct copy of the Policy is attached as **Exhibit A**.

**B. The Trip at Issue and the Accident**

12. At approximately 4:00 a.m. on May 31, 2026, Hancel Plasencia Reyes ("Reyes") was driving a 2014 Freightliner M2 VIN 3ALACWDT4EDFS4065 in the right, south-bound lane of I-75 near the Pine Ridge Road exit (Mile Marker 108) when he was involved in a motor-vehicle accident (the "Accident"). On information and belief, the Freightliner was owned by Palacio CargoExpres ("Palacio") and operating under Rafa Trucking, LLC's DOT authority pursuant to an Owner-Operator Lease Agreement between Rafa Trucking and Palacio at the time of the Accident. The Freightliner Reyes was driving at the time of the Accident was not a Covered Auto.

13. On information and belief, the Accident occurred when Reyes fell asleep, drifted on to the shoulder, then overcorrected, causing the Freightliner to overturn, resting on its right side, facing east, with its undercarriage exposed, and blocking two of the three lanes.

14. On information and belief, Jonathan Garcia Arias ("Arias") was driving nearby and stopped to help. A semi-truck driven by Timothy Scott Chase also stopped to render assistance.

15. According to the crash report, a Tesla driven by Delouis Bertensky ("Bertensky") was traveling southbound in the center travel lane of Interstate 75. Due to the dark lighting conditions, Bertensky failed to slow or take evasive action and collided with the exposed undercarriage of the Freightliner at highway speed (>60mph). As a result of the impact, the Freightliner rotated clockwise, and both vehicles came to rest in the center travel lane. Arias was struck during the collision and later succumbed to his injuries. The collision also resulted in multiple fatalities among the occupants of the claimant vehicle.

16. On or about October 16, 2026, Rafa Trucking received a $1,000,000 demand from the attorney representing five claimants for damages arising from the Accident, with a response due on November 18, 2026. The letter states that "this was a devastating crash that claimed the lives of Jonathan Arias Garcia, age 25, Lasner Nord, age 19, and Anthony Chery, age 19, and caused serious and permanent personal injuries to Roosevelt Chery and Nick Cherenfant." It continues to state, "for obvious reasons, the $1,000,000.00 in combined automobile liability limits identified by GEICO under the policy issued to Rafa Trucking LLC is grossly insufficient to fully compensate our clients for their catastrophic losses."

**C. The need for declaratory judgment**

17. This is an action for declaratory relief pursuant to 28 U.S.C. § 2201, *et seq.*, for the purpose of resolving an actual controversy between the parties.

18. An actual controversy exists between GEICO, on the one hand, and the Defendant, on the other hand, as to whether GEICO has any obligations under the Policy.

19. The Policy provides that GEICO will defend a suit for damages payable under the terms of the Policy, but that GEICO has no duty to investigate or defend any claims which are not covered under the Policy terms.

20. GEICO requires Court action to clarify its rights because; (1) the Accident did not involve a covered auto; and (2) the MCS-90 Endorsement does not apply since the cargo was transported in the course of intra-state commerce.

21. GEICO has standing to bring this action as it will suffer imminent injury in having to provide a defense to Defendants in the claim being made pursuant to the demand for $1,000,000.

**COUNT I: DECLARATORY JUDGMENT**

22. GEICO incorporates by reference its prior allegations as if set forth herein at length.

23. GEICO issued the Policy to Rafa Trucking, which provides coverage subject to all terms, conditions, limitations, exclusions, and endorsements contained therein.

**A. Covered Auto Requirement**

24. GEICO is not required to indemnify Rafa Trucking under the Covered Auto portion of the Policy because the Accident did not involve a covered auto.

25. The Policy declarations show a single scheduled vehicle, which is a 2008 GMC T-Series, VIN: 1GDJ7F1B98F411839. That is not the vehicle Reyes was driving when the Accident occured. Reyes was driving a 2014 Freightliner M2 106, VIN: 3ALACWDT4EDFS4065, that was owned by Palacio and identified on the Owner-Operator Lease Agreement between Rafa Trucking and Palacio.

26. Even if it is determined that Reyes and Palacio were acting in furtherance of Rafa Trucking's business at the time of the Accident, the Freightliner Reyes was driving was not a covered auto. Therefore, GEICO is not obligated to indemnify Rafa Trucking, Reyes, Palacio, or any other party for damages arising from the Accident.

**B. MCS-90 Endorsement**

27. The Policy includes an MCS-90 Endorsement providing a coverage limit of $750,000. However, the MCS-90 Endorsement does not apply in this matter because Reyes was operating in intra-state commerce. A true and correct copy or the MCS-90 Endorsement is attached as **Exhibit B**.

28. MCS-90 endorsements only apply when an accident occurs while the policyholder is engaged in interstate commerce. The critical inquiry is usually the "essential character" of the shipment and the shipper's intended interstate journey, not merely whether the truck crossed a state line. *See Murray v. Briggs*, 569 So. 2d 476, 478 (Fla. 5th DCA 1990) (holding that under the MCA, the test to determine whether goods are moving in intra or interstate transit focuses on the "essential character" of the shipment and whether, at the time the transportation commenced, a specific interstate destination for the shipment was planned by the shipper).

29. The MCS-90 endorsement states that GEICO agrees to pay "any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles ... regardless of whether or not each motor vehicle is specifically described in the policy." However, Reyes was transporting merchandise that originated in Tampa, Florida to its final destination in Naples, Florida via I-75 at the time of the Accident.

30. In this case, Reyes was engaging in intra-state commerce not inter-state commerce because the cargo being transported at the time of the Accident originated from a location in Florida and was being shipped to a final destination in Florida. Therefore, this Court should declare that GEICO has no MCS-90 obligation arising from the Accident because the subject trip was intrastate.

## CONDITIONS PRECEDENT

31. All conditions precedent necessary for GEICO to bring this lawsuit have occurred or have been waived.

## CONCLUSION

WHEREFORE, GEICO Marine Insurance Company respectfully requests that judgment be entered in its favor and against Rafa Trucking, LLC, declare that GEICO has no duty to indemnify Rafa Trucking, LLC or MCS-90 obligations arising from the on May 31, 2026 Accident, together with applicable filing fees, attorneys' fees, costs of suit; and all other relief in law and equity as this Court may deem just and proper.

Dated: November 18, 2026.

Respectfully Submitted,

**CLARK HILL PLC**
2301 Broadway Street
San Antonio, TX 78215
T (210) 250-6000
F (210) 250-6100

**FRANK SCAGLIONE, ESQ.**
Florida Bar No: 1015929
fscaglione@clarkhill.com

*Attorney for Plaintiff*